1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  MARCUS BRENT FIELDS,<br>CDCR #V-46240,<br>12<br>                                    Plaintiff,<br>13<br>14  vs.<br>15  GAVIN NEWSOM, Governor; NADINE<br>BURKE HARRIS, California Surgeon<br>16  General; KATHLEEN ALLISON, CDCR<br>Secretary; S. GATES, Chief of Health<br>17  Care Appeals,<br>18<br>                                    Defendants.<br>19 | Case No.:  22cv0044-LL-MDD<br><br>**ORDER (1) GRANTING LEAVE TO<br>PROCEED *IN FORMA PAUPERIS*;<br>(2) DENYING MOTION TO APPOINT<br>COUNSEL; AND (3) DISMISSING<br>COMPLAINT FOR FAILING TO<br>STATE A CLAIM PURSUANT TO 28<br>U.S.C. § 1915(e)(2)(B) AND 28 U.S.C.<br>§ 1915A(b)**<br><br>[ECF Nos. 2, 3] |

20

21          On January 12, 2022, Plaintiff Marcus Brent Fields, while incarcerated at Richard J.

22  Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se,

23  filed a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  *See* ECF No. 1 ("Compl.")

24  at 1.  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a). Instead,

25  he filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C.

26  § 1915(a), along with a Motion to Appoint Counsel.  *See* ECF Nos. 2, 3.

27
28

## LEAVE TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).  The fee is not waived for prisoners.  If granted leave to proceed IFP, they nevertheless remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether their actions are dismissed for other reasons.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify, section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. §§ 1915(b)(1); 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See id.* § 1915(b)(2); *Bruce*, 577 U.S. at 84.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed *IFP*.  *Id.*

3:22-cv-0044-LL-MDD

Plaintiff's Prison Certificate and a certified copy of his CDCR Inmate Statement Report has been submitted by RJD accounting officials. *See* ECF No. 4 at 1–4; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff carried an average monthly balance of $341.60 and an average monthly deposit of $117.64 to his account over the 6-month period immediately preceding the filing of his Complaint. *See* ECF No. 4 at 1.

Based on this accounting, the Court **GRANTS** Plaintiff leave to proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $68.32 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or any subsequent agency having custody of Plaintiff, and forwarded to the Clerk of the Court pursuant to the installment payment provisions set out in 28 U.S.C. § 1915(b)(2).

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests appointment of counsel due to the "complexity of this case." Pl.'s Mot., ECF No 3 at 1. All documents filed pro se are liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106). There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr.*

*Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment).  Exceptional circumstances exist where there is a cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff's Complaint demonstrates that while not formally trained in law, he is fully capable of legibly articulating the facts and circumstances relevant to his claims and has yet to show he is likely to succeed on the merits of his claims.  Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel without prejudice.

**SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**

**I.    Legal Standards**

**A.    28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it that is frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

4

3:22-cv-0044-LL-MDD

12(b)(6)").  Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  The court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  However, it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.      42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citation omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### II.      Plaintiff's Allegations

Plaintiff alleges that he was diagnosed with a blockage in his heart in December of 2020.  *See* Compl., ECF No. 1 at 3.  On March 4, 2021, Plaintiff was "given the Pfizer vaccine" and by September 3, 2021 his "hematology, chemistry, urinalysis, virology, [and] body fluids changed for the worse."  *Id.*  Plaintiff alleges the "State of California received" a "tainted Pfizer vaccine without specific instructions or research for Black people with

heart conditions." *Id.*  Plaintiff alleges that the vaccine "damaged" his heart.  *Id.* at 5.  Plaintiff seeks $72,000,000 in compensatory damages and an unspecified amount in punitive damages.  *See id.*

### A.    Eighth Amendment & Personal Liability

As a preliminary matter, the Court finds Plaintiff's Complaint fails to state any plausible claim for relief against any of the named Defendants.  These Defendants are named in their supervisory roles and are alleged to have "signed off for the California prisons to receive vaccines" but failed to take into account his "heart problems."  *See* Compl. at 2.  Because "vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676; *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993) (noting there is no respondeat superior liability under 42 U.S.C. § 1983).  Supervisory officials may only be held liable under § 1983 if the plaintiff alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018); *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011).  In other words, "a supervisor is liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them.'"  *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (citations omitted).

Plaintiff's Complaint pleads no factual content that allows the court to draw the reasonable inference that Governor Newsom, Surgeon General Harris, Secretary Allison, or Chief of Appeals Gates are liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  Plaintiff includes no specific factual allegations with respect to any of the named Defendants, and he does not describe what any of them either did, or failed to do, with respect to his housing, health, safety, or medical treatment.  *Id.* at 679 ("Determining whether a complaint states a plausible claim for relief [is] . . . . a context-specific task.").

"The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws

cruel and unusual 'punishments.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, to be held personally liable for Plaintiff's injuries under the Eighth Amendment Defendants must be specifically alleged to have acted with deliberate indifference to a serious risk to Plaintiff's health or safety. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *Iqbal*, 556 U.S. at 678. "A prison official acts with 'deliberate indifference . . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d at 1076. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, even "[p]rison official[s] who actually kn[o]w of a substantial risk to inmate health or safety may be found free from liability if they respond[] reasonably to the risk, even if the harm ultimately [i]s not averted." *Farmer*, 511 U.S. at 844.

The Court acknowledges Covid-19 poses a substantial risk of serious harm. *See Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [Covid-19] poses a substantial risk of serious harm[.]"). However, in order to plead a viable Eighth Amendment claim, Plaintiff must provide more than conclusory statements that supervisory prison officials provided a "faulty Pfizer vaccine." *See Iqbal*, 556 U.S. at 678. In situations where the challenged "conduct is harmful enough to satisfy the objective component of an Eighth Amendment claim, whether it can be characterized as 'wanton' depends upon the constraints facing *the official*." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (citations omitted) (emphasis original). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," prisoners alleging cruel and unusual punishment must plead some factual content to plausibly suggest each defendant acted with a "sufficiently culpable state of mind." *Id.* at 297 (internal quotation marks, emphasis and citations omitted). Plaintiff's Complaint is devoid of any facts sufficient to plausibly suggest any of the named Defendants were personally aware of his underlying medical

3:22-cv-0044-LL-MDD

vulnerabilities, or that he was at risk for any health complications if he received the vaccine. It is not even clear that Plaintiff was required to receive the vaccine or whether it was his decision to have the vaccine administered to him. *See Farmer*, 511 U.S. at 838 ("[An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.").

While Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,'" it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (citations omitted). As currently pleaded, however, nothing in Plaintiff's Complaint plausibly suggests Defendants "through [their] own individual actions, . . . violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). Therefore, Plaintiff's Eighth Amendment claims against all named Defendants must be dismissed *sua sponte* for failing to state an Eighth Amendment claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison* 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

## B.    Eleventh Amendment Immunity

To the extent Plaintiff sues these Defendants in their official capacities, his suit is further barred by the Eleventh Amendment. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies or state officials, absent "a waiver by the state or a valid congressional override." *Dittman v.*

*California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies."  *See Fireman's Fund Ins. Co. v. City of Lodi*, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court."  *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)).  Thus, because Defendants are alleged to be state officials acting in their official capacities on behalf of the State of California, they are immune from suit for money damages under the Eleventh Amendment.

### C.    Leave to Amend

For the reasons discussed, the Court finds Plaintiff's Complaint fails to state any § 1983 claim upon which relief can be granted, and dismisses it *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.  However, the Court will also grant Plaintiff leave to amend.  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa,* 698 F.3d 1202, 1212 (9th Cir. 2012)).

### CONCLUSION

For the foregoing reasons, the Court:

(1)    **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice (ECF No. 3);

(2)    **GRANTS** Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

(3)    **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's trust account the $68.32 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding

9

month's income to the Clerk of the Court each time the amount in Johnson's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). *ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.*

      (4)    **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov;

      (5)    **DISMISSES** Plaintiff's Complaint *sua sponte* and in its entirety based on his failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and

      (6)    **GRANTS** Plaintiff <u>sixty (60) days' leave</u> from the date on which this Order is filed to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be clearly entitled "Amended Complaint," include Civil Case No. 22cv0044-LL-MDD in its caption, and  must be complete by itself without reference to his original Complaint.  Defendants not named and any claims not re-alleged in the amended complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

      If Plaintiff fails to file an Amended Complaint within <u>60 days</u>, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of

///

///

///

///

the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  March 4, 2022

_____

Honorable Linda Lopez
United States District Judge

3:22-cv-0044-LL-MDD