UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BRENT FIELDS, CDCR #V-46240,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>GAVIN NEWSOM, Governor; NADINE BURKE HARRIS, California Surgeon General; KATHLEEN ALLISON, CDCR Secretary; S. GATES, Chief of Health Care Appeals,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 22-cv-0044-LL-MDD<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)**<br><br>[ECF No. 12] |

**I.　Procedural History**

On January 12, 2022, Plaintiff Marcus Brent Fields, while incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil rights complaint filed pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl.") at 1.  In addition, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), along with a Motion to Appoint Counsel. *See* ECF Nos. 2, 3.

The Court conducted the required sua sponte screening pursuant to pursuant to 28 U.S.C. § 1915(e)(2) and found that Plaintiff failed to state a plausible claim for relief against any of the named Defendants. *See* Compl. at 6, 10. Plaintiff's Complaint was dismissed and he was given leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* at 10-11.

On March 18, 2022, Plaintiff filed a document captioned "My Leave to Amend Complaint" and in this body of this filing he describes the document as his "amended complaint." *See* ECF No. 12 at 1. Thus, the Court will construe this filing as his First Amended Complaint ("FAC"). Plaintiff has also filed a second Motion to Appoint Counsel. *See* ECF No. 16.

## II. Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

As the Court previously informed Plaintiff, because he is a prisoner, his FAC requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it that is frivolous, malicious, failing to state a claim, or seeking damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to

"contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). However, it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B.     42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citation omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**C.     Plaintiff's Allegations**

Plaintiff's FAC contains virtually no factual allegations and instead, he lists pages of case citations that he appears to argue support the claims he made in his original Complaint. However, the Court did not dismiss his original Complaint because he failed to supply legal authority to support his factual claims. On the contrary, it was the failure to allege specific *factual* allegations to plausibly support the causes of action listed in his original Complaint that was the basis of the dismissal.

In his FAC, Plaintiff's core issue appears to be the claim that he received a Covid-19 vaccine that was "tainted" and caused him "hurt, pain, and irreversible side effects." FAC at 4. He further alleges the "U.S. Government acknowledges that over 15,000 of its citizens have died and hundreds of thousands have been harmed as a direct result of these vaccines." *Id.* In support of these allegations, Plaintiff contends that "baseball legend Hank Aaron died shortly after he publicly took the vaccine shot." *Id.*

Plaintiff names California Governor Gavin Newsom, California Surgeon General Nadine Burke Harris, CDCR Secretary Kathleen Allison, and CDCR Chief of Inmate Appeals S. Gates as the Defendants. *Id.* at 1.

### D. Eighth Amendment & Personal Liability

Again, the Court finds that Plaintiff's FAC fails to state any plausible claim for relief against any of the named Defendants. Plaintiff claims that Surgeon General Harris "fail[ed] to do her job, by review of incoming Pfizer vaccines which were brought into the State under [Governor] Newsom." *Id.* at 3. He further claims that Surgeon General Harris failed to issue a "policy" that would have provided Chief of Inmate Appeals Gates "the tools for appropriate decision making." *Id.* Plaintiff's FAC is devoid of factual allegations that any of the named Defendants were aware of his claims or had any direct involvement in his medical care.

Because "vicarious liability is inapplicable to . . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993) (noting there is no respondeat superior liability under 42 U.S.C. § 1983). Supervisory officials may only be held liable under § 1983 if the plaintiff alleges their "personal involvement in the constitutional deprivation, or . . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018); *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011). In other words, "a supervisor is liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations of

subordinates and failed to act to prevent them.'" *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (citations omitted).

Plaintiff's FAC "pleads no factual content that allows the court to draw the reasonable inference that [Governor Newsom, Surgeon General Harris, Secretary Allison, or Chief of Appeals Gates are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff includes no specific factual allegations with respect to any of the named Defendants, and he does not describe what any of them either did, or failed to do, with respect to his housing, health, safety, or medical treatment. *Id.* at 679 ("Determining whether a complaint states a plausible claim for relief [is] . . . . a context-specific task.").

"The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, to be held personally liable for Plaintiff's injuries under the Eighth Amendment Defendants must be specifically alleged to have acted with deliberate indifference to a serious risk to Plaintiff's health or safety. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *Iqbal*, 556 U.S. at 678. "A prison official acts with 'deliberate indifference . . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d at 1076. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, even "[p]rison official[s] who actually kn[o]w of a substantial risk to inmate health or safety may be found free from liability if they respond[] reasonably to the risk, even if the harm ultimately [i]s not averted." *Farmer*, 511 U.S. at 844.

As the Court previously acknowledged in its March 4, 2022 Order, Covid-19 poses a substantial risk of serious harm. *See Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [Covid-19] poses a substantial risk of serious harm" to prisoners.). However, in order to plead a viable Eighth Amendment claim,

Plaintiff must provide more than conclusory statements that supervisory prison officials provided a "tainted Pfizer vaccine." *See Iqbal*, 556 U.S. at 678. In situations where the challenged "conduct is harmful enough to satisfy the objective component of an Eighth Amendment claim, whether it can be characterized as 'wanton' depends upon the constraints facing *the official*." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (citations omitted) (emphasis original). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," prisoners alleging cruel and unusual punishment must plead some factual content to plausibly suggest each defendant acted with a "sufficiently culpable state of mind." *Id.* at 297 (internal quotation marks, emphasis and citations omitted). As the Court stated above, Plaintiff's FAC is devoid of any facts sufficient to plausibly suggest any of the named Defendants were personally aware of his underlying medical vulnerabilities, or that he was at risk for any health complications if he received the vaccine.

While Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,'" it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (citations omitted). As currently pleaded, however, nothing in Plaintiff's Complaint plausibly suggests Defendants "through [their] own individual actions, . . . violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Cmty. Redev. Agency of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

Therefore, Plaintiff's Eighth Amendment claims all named Defendants must be dismissed *sua sponte* for failing to state an Eighth Amendment claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison* 668 F.3d at 1112; *Wilhelm,* 680 F.3d at 1121.

In addition, some of Plaintiff's claims are devoid of a plausible claim. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted). A pleading is "factual[ly] frivolous[ ]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional.'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

In his FAC, Plaintiff claims that the "U.S. government acknowledges that over 15,000 of its citizens have died and hundreds of thousands have been harmed as a direct result of these [Covid-19] vaccines." FAC at 4. There are no factual allegations to support this claim. Thus, because Plaintiff's pleadings appear grounded on a wholly unfounded belief that he was harmed by receiving a "tainted" Covid-19 vaccine with no plausible allegation as to how he was harmed, [*see* FAC at 3-4], his case demands *sua sponte* dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). *See Iqbal*, 556 U.S. at 676; *Denton*, 504 U.S. at 25-26; *Neitzke*, 490 U.S. at 324.

E. **Leave to Amend**

Because Plaintiff has already been provided a statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners*,

*LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

### F. Motion to Appoint Counsel

Plaintiff has also filed a Motion for Appointment of Counsel. *See* ECF No. 16. All documents filed pro se are liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman*, 390 F.3d at 1103. Exceptional circumstances exist where there is a cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff's FAC demonstrates he is capable of legibly articulating the facts and circumstances relevant to his claims, however as discussed above, he is unable to show a likelihood of success on the merits. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, the Court:

1)   **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which § 1983 relief can be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b);

2)   **DENIES** Plaintiff's Motion to Appoint Counsel [ECF No. 16];

3)   **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

4) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: May 16, 2022

_____
Honorable Linda Lopez
United States District Judge